UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED RENTALS, INC.,  :
    Plaintiff,  :
V.  : CASE NO. 3:06-CV-1154 (RNC)
JEFFREY S. BASTANZI,  :
    Defendant.  :

RULING AND ORDER

Plaintiff brings this action to recover amounts due under a settlement agreement the parties reached in a prior action.[1] Pending for decision is plaintiff's motion for partial summary judgment. Defendant has not submitted papers in opposition to the motion. For the reasons that follow, the motion is granted.[2]

I. Subject Matter Jurisdiction

Defendant's answer raises the question whether the amount in controversy is sufficient to satisfy the $75,000 jurisdictional

---

[1] On May 31, 2006, a stipulated judgment was entered in the prior action based on the parties' settlement agreement. See United Rentals, Inc. v. Bastanzi, No. CIV 3:05-CV-596(RNC)(D. Conn. May 31, 2006). On July 27, 2006, plaintiff commenced this action. On August 16, 2006, defendant filed a motion in the prior action seeking to reopen the judgment on various grounds. On March 16, 2007, the motion was denied.

[2] Plaintiff has also filed a motion for default judgment. A default for failure to plead was entered on September 1, 2006. The default was entered in error because, prior to that date, the defendant had submitted an answer for filing [doc. # 12]. Accordingly, the default is hereby set aside and the motion for default judgment is denied as moot.

minimum under 28 U.S.C. § 1332. The amount of the settlement agreement at issue is only $60,000. Plaintiff claims an additional $17,247 in attorney's fees, however. Attorney's fees help satisfy the amount-in-controversy requirement when they are recoverable as a matter of right. Givens v. W.T. Grant Co., 457 F.2d 612, 614 (2d Cir. 1972), vacated on other grounds, 409 U.S. 56 (1972). The settlement agreement gives plaintiff a right to recover attorney's fees. Thus, the jurisdictional minimum is satisfied.

II. Legal Standard

Summary judgment may be granted when there is no "genuine issue as to any material fact" and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To withstand a properly supported motion for summary judgment, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). When the opposing party fails to submit a response to the motion, the court may accept the movant's factual assertions as true. See D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in [the movant's 56(a)1] statement will be deemed admitted unless controverted ..."). "Even when a motion for summary judgment is unopposed," however, "the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004).

III. <u>Discussion</u>

In support of its claim for breach of contract, plaintiff alleges that the parties settled the prior action based on defendant's promise to pay plaintiff a total of $60,000 at scheduled intervals. Plaintiff further alleges that defendant has failed to make any payments and that, as a result, plaintiff has suffered damages, including loss of money due and owing under the settlement agreement and the expense of pursuing this action to enforce the agreement. Defendant has not disputed these factual allegations, which are therefore accepted as true. Given these undisputed facts, a reasonable juror would be bound to find in favor of the plaintiff on its claim for breach of contract.

Accordingly, the motion for partial summary judgment [doc. #21] is hereby granted.

So ordered.

Dated at Hartford, Connecticut this 10th day of May 2007.

_____/s/_____
Robert N. Chatigny
United States District Judge